## 28913. WATKINS *v.* SAILERS.

DECIDED JUNE 4, 1941.

*Thomas J. Shackelford,* for plaintiff in error.
*E. C. Stark,* contra.

GARDNER, J. G. C. Sailers made application to processioners of the 253rd district of Jackson County to mark anew the dividing line between him and Mrs. A. G. Watkins. There was no duly qualified county surveyor in Jackson County. It appears from the record that two surveyors met the processioners on the premises on

the date set, one surveyor having been called in by the defendant and the other by the plaintiff. After some contention between the surveyors and the processioners as to how the line should be run, one of the surveyors left the scene. The one selected by the defendant remained with the processioners, marked a line, and afterward drew a plat. In due course the processioners made a return favorable to the defendant. The plaintiff filed objections. The proceedings were transmitted to the clerk of the superior court. The question was submitted to a jury. A verdict in favor of the return of the processioners was rendered. The plaintiff's motion for new trial was overruled, and he excepted.

██ It appears from the undisputed evidence that there was no county surveyor qualified in Jackson County at the time of the proceedings in question. H. G. Prickett appeared by invitation of the defendant, and H. H. Huff by invitation of the plaintiff. Other than this presence of the two named gentlemen, who were both surveyors, it does not appear from the record that there was any agreement between the parties to use them or either of them as the official survyor. Neither was sworn in accordance with the Code, § 23-1113. It appears that Huff wished to survey a line in accordance with the desires of plaintiff, and Prickett one as desired by the defendant. At this point it appears that the processioners were divided in opinion in favor of surveying the line as contended for by the defendant and the plaintiff respectively. Huff soon thereafter left. The processioners remained with Prickett and completed the running of the line. Within due time a plat was prepared by Prickett. The processioners filed their return with the plat.

The plaintiff filed objections to the return, alleging that the line shown on the plat of the return, to wit, "which begins at a point in old road and runs S. 13 W. 24.91 [chains] to blackgum on east side of branch, said line being one of the west boundary lines," is not the true line; and that the true line is, "beginning at a stake on said road, running thence south 23 degrees west 4.38 chains to a stake; thence S. 13.5 degrees west 18.50 chains to a sweetgum; thence south 43.5 degrees west 3.76 chains to rock near branch; thence south 58 degrees west to said branch. The courses herein named being according to survey made by A. C. Appleby October 19, 1927." The caveator further alleged "that said true line has heretofore been adjudicated between the parties in the case of S. C.

Sailers et al. *vs.* B. M. Sailers, admr., in the superior court of Jackson County, the decree in which case is on page 510 of minute book 1919 of said court." When the return of the processioners was offered in evidence by the defendant, objection was urged by the plaintiff on the ground that the surveyor Prickett was not sworn as required by law. It is undisputed that he was not sworn. The objection should have been sustained.

It appears from the record that the plaintiff was the successor in title to Mrs. L. D. Whitehead, the sister of the defendant. Mrs. Whitehead and the defendant, G. C. Sailers, acquired the tracts between which the disputed dividing line lies from their father, W. M. Sailers. After the death of the father a suit was filed against his administrator, in which suit Mrs. Whitehead and G. C. Sailers were among the plaintiffs. The case was referred to an auditor, who made a report of his findings. No objection was filed, and this report was made the decree of the court. In this decree, signed on February 13, 1930, the dividing line in dispute between the Whitehead tract, now owned by Mrs. A. G. Watkins, and the tract now owned by G. C. Sailers, was fixed. The dividing line in the decree is the same line alleged to be the true line in the caveat to the return. This decree is binding on all parties thereto and their privies, and supersedes all antecedent deeds and transfers touching the dividing line in dispute as between parties to the suit on which the decree was based, and their privies in title. Hence any such antecedent deed is inadmissible for the purpose of establishing a dividing line different from the one established by the decree. It follows that a party or privy in title to either of the tracts in question can not, by seven-years adverse possession alone, establish a dividing line different from the one fixed by the decree. Such possession in the teeth of such decree can not be the basis of a claim of right as contemplated by the Code, § 85-1603; but such line established by the decree may be changed by agreement between the coterminous landowners, or by one established in accordance with § 85-1602, which declares: "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than 30 years' standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." § 85-1603 contemplates a line established by adverse possession of one of the owners under a bona fide claim of right

for a period of seven years; § 85-1602 contemplates a dividing line established by both adjoining landowners or predecessors in title by acquiescence for seven years, evidenced by acts or declarations.

Since the judgment is reversed, we have dealt with all the questions presented by the record, with the hope that what is said may be of benefit should the case be again tried.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*